IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KWADWO OPPONG-PEPRAH, | ) | 8:11CV383 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ERIC HOLDER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

    This matter is before the court on Respondents' Motion to Dismiss. (Filing No. 18.) In support of their Motion, Respondents have submitted a Brief and Index of Evidence. (Filing Nos. 19 and 20.) As set forth below, the Motion to Dismiss is granted.

## I.   BACKGROUND

    On November 10, 2011, Petitioner Kwadwo Oppong-Peprah filed his Petition for Writ of Habeas Corpus ("Petition"), alleging that he was being unlawfully held in violation of 8 U.S.C. § 1231(a)(6) *because* the six-month detention period had expired and his removal to Ghana was "not significantly likely to occur in the reasonably foreseeable future." (Filing No. 1.) Plaintiff sought release from Respondents' custody. (*Id.*) Respondents removed Petitioner to Ghana on January 23, 2012. (Filing No. 20-1, Attach. 1 at CM/ECF pp. 1-2.)

## II.   ANALYSIS

    Individuals seeking release from the custody of the United States through a habeas corpus petition must be "in custody." 28 U.S.C. § 2241(c). An individual satisfies the "in custody" requirement if he is incarcerated "at the time the petition was filed" and a petition for a writ of habeas corpus does not become moot simply because

the petitioner fulfills his sentence. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, if a petitioner is released from custody while his habeas corpus petition is pending, the petition is moot unless "some concrete and continuing injury other than the now-ended incarceration . . . some 'collateral consequence'" exists. *Id.* (citation omitted). Such "collateral consequences" are required in order to satisfy the jurisdictional "case or controversy requirement" for federal judicial proceedings. *Id.* Stated another way, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," or his petition is moot. *Id.* (quotation omitted).

Although Petitioner filed his Petition while he was still in custody, Respondents removed him to Ghana on January 23, 2012. (Filing No. 20-1, Attach. 1 at CM/ECF pp. 1-2.) Therefore, unless Petitioner is subject to some collateral consequence, his Petition is moot. Petitioner has not submitted any argument or evidence regarding collateral consequences and none are apparent in the record. In fact, Petitioner sought to be released from Respondents' custody pending removal to Ghana. (Filing No. 1.) Petitioner was removed to Ghana. Because the court finds that there is no continuing injury traceable to Respondents, the Petition is dismissed.

IT IS THEREFORE ORDERED that:

1. Respondents' Motion to Dismiss (filing no. 18) is granted.

2. Petitioner Kwadwo Oppong-Peprah's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

3. All other pending motions are denied as moot.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of March, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.